IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOHN HENRY ALLEN, SR., | : |
|     Plaintiff, | : |
| v. | :    CASE NO.: 7:23-CV-123 (LAG) |
| GEORGIA DEPARTMENT OF TRANSPORTATION, | : |
|     Defendant. | : |

## ORDER

Before the Court is *pro se* Plaintiff John Henry Allen, Sr.'s Motion for Leave to Proceed *in forma pauperis* (IFP) (Doc. 2). For the reasons stated below, Plaintiff's Motion for Leave to Proceed IFP is **DENIED**.

This suit arises from alleged race discrimination by Defendant Georgia Department of Transportation when Plaintiff John Henry Allen, Sr.'s employment was terminated on November 4, 2022. (Doc. 1 at 2–4). On November 13, 2023, Plaintiff filed this lawsuit raising a claim for race discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at 3–4). On July 27, 2023, Plaintiff notes that he "filed a charge with the Equal Employment Opportunity Commission" and that he has not received a Notice of Right to Sue letter.[1] (*Id.* at 5). In the section for "Relief," Plaintiff writes that "[b]ecause [he] lost [his] job [he fell] behind on [his] bills" and incurred "damage [to his] credit" that he is "trying to rebuild[.]" (*Id.*).

---

[1] While the Motion is denied because Plaintiff is not unable to pay the filing fee, Plaintiff is advised that "[b]efore instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (citation omitted)); *see also Cornett v. Ala. Dep't of Transp.*, 828 F. App'x 565, 567 (11th Cir. 2020) (per curiam) (collecting cases).

Courts follow a well-established, "two-stage procedure for processing a . . . pro se civil rights complaint filed" IFP pursuant to 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (first citing *Green v. City of Montezuma*, 650 F.2d 648, 650 n.3 (5th Cir. Unit B 1981) (per curiam); then citing *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A 1981) (per curiam); and then citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Id.* (citing 28 U.S.C. § 1915(a)). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.* (citing 28 U.S.C. § 1915(d)); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citing *Watson*, 525 F.2d at 891).

Pursuant to 28 U.S.C. § 1915(a)(1), a court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [litigant] possesses that the person is unable to pay such fees or give security therefor."[2] 28 U.S.C. § 1915(a)(1). Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)); *see also Attwood v. Singletary*, 105 F.3d 610, 612–13 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). It permits litigants to file suit without prepaying any requisite fees. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It does not, however, create an absolute right to proceed in civil actions without payment of costs. *Bey v. Lenox Mun. Ct.*, No. 7:17-CV-180 (WLS), 2017 WL 6617053, at *1 (M.D. Ga. Dec. 4, 2017) (quoting *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam)). While a plaintiff need not demonstrate absolute destitution to proceed IFP, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32,

---

[2] "[T]he affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.1 (citations omitted).

34 (S.D. Fla. 1984) (citation omitted). The affidavit required by the statute must show inability to prepay fees and costs without foregoing the basic "necessities of life." *Adkins*, 335 U.S. at 339.

      Plaintiff represents that he has an average gross monthly income of $4,616.00. (Doc. 2 at 2). Although the "spouse" portion of the average monthly income table is left blank, in the spouse's employment history, Plaintiff notes that his spouse receives $3,500.00 in gross monthly income. (*Id.*).[3] Plaintiff represents that he and his spouse have $200.00 in cash and own a house valued at $232,000.00, and two cars valued at $27,500.00 and $16,000.00, respectively. (*Id.* at 2–3). Plaintiff further represents that he has $2,834.00 in monthly expenses and that he does not expect any "major changes to [his] monthly income or expenses or in [his] assets or liabilities during the next 12 months[.]" (*Id.* at 4–5). Plaintiff's average monthly income exceeds his average monthly expenses by approximately $1,782.00, not including his spouse's income. (*See Id.* at 2). The filing fee for a civil case is $405.00.[4] As such, while Plaintiff indicates that he "needs time" to pay the filing fee and mentions a payment plan, Plaintiff is not unable to bear the costs of filing his Complaint and does not qualify as a pauper under 28 U.S.C. § 1915(a)(1). (Doc. 2 at 5). Accordingly, Plaintiff's Motion for Leave to Proceed IFP (Doc. 2) is **DENIED**. To proceed, Plaintiff must pay the full statutory filing fee within **thirty (30) days** from the date of this Order, or file an amended IFP application by that date describing the expected changes in his income, expenses, assets, or liabilities, and/or otherwise detailing his eligibility to proceed IFP.

      **SO ORDERED**, this 15th day of July, 2024.

      /s/ Leslie A. Gardner
      **LESLIE A. GARDNER, CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**

---

[3] In the chart for his spouse's employment, Plaintiff lists only a single date: "Feb. 5, 2023." (Doc. 2 at 2). Thus, it is unclear whether his spouse is currently receiving the listed gross monthly income.

[4] *See Fee Schedules*, U.S. Dist. Ct. for the Middle Dist. of Ga., https://www.gamd.uscourts.gov/fee-schedules (last visited June 17, 2024).