**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JOHN HENRY ALLEN, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-123 (LAG) |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| TRANSPORTATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support (Motion to Dismiss). (Doc. 7). For the reasons below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

*Pro se* Plaintiff John Henry Allen, Sr. filed a Complaint and Motion for Leave to Proceed *in forma pauperis* (IFP) on November 13, 2023. (Docs. 1, 2). On July 15, 2024, the Court denied Plaintiff's Motion for Leave to Proceed IFP and ordered Plaintiff, within thirty (30) days from the date of the Order, to pay the full statutory filing fee or file an amended IFP application describing the expected change in his income, expenses, assets, or liabilities, and/or otherwise detailing his eligibility to proceed IFP. (Doc. 3 at 3). Plaintiff paid the filing fee on August 8, 2024. (*See* Docket). On May 15, 2025, Defendant filed the Motion to Dismiss. (Doc. 7). Plaintiff filed an untimely Response on July 11, 2025. (Doc. 8). Defendant replied on July 25, 2025. (Doc. 9). Accordingly, the Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## DISCUSSION

Defendant argues that (1) Plaintiff did not exhaust his administrative remedies because he did not timely file the Complaint after receiving the right-to-sue letter from the

EEOC; (2) Plaintiff failed to properly and timely serve Defendant; and (3) Plaintiff fails to state a claim upon which relief can be granted. (Doc. 7 at 2–6).

Before a Plaintiff can sue for discrimination under Title VII, he must first exhaust his administrative remedies, which begins with filing "a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC)." *Lewis v. City of Chicago*, 560 U.S. 205, 208 (2010) (citing 42 U.S.C. § 2000e-5(e)(1)). The charge of discrimination must be filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). In the Complaint, Plaintiff alleges that he was terminated on November 4, 2022. (Doc. 1 at 4). Plaintiff, however, did not file his charge of discrimination until July 18, 2023—eight months later. (Doc. 7-1 at 1). Thus, Plaintiff did not timely file the charge of discrimination within the 180 days. Even if he had, Plaintiff did not timely file the Complaint after receiving his notice of right-to-sue letter. (*See* Doc. 7-2 at 1 (notice dated July 27, 2023); Doc. 1 (complaint dated November 13, 2023)); 42 U.S.C. § 2000e-5(f)(1) (plaintiff has burden of establishing that he filed a complaint within ninety days of his receipt of the EEOC's right-to-sue letter). As Plaintiff did not exhaust his administrative remedies or timely file his Complaint, Plaintiff's claims are procedurally barred, and the Court need not consider the other arguments in the Motion to Dismiss.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

**SO ORDERED**, this 2nd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2